IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

DIANNE THOMAS,
ANNETTE THOMPSON,
ANGELA BUENO, individually and on behalf of all heirs as the surviving daughters of
JOSIE BUENO, decedent,

Plaintiffs,

v.

PEAK MEDICAL OF COLORADO, INC., a Delaware corporation d/b/a ELMS HAVEN CARE AND REHABILITATION CENTER,

Defendant.

---

### COMPLAINT FOR DAMAGES AND JURY DEMAND

---

Plaintiffs, Dianne Thomas, Annette Thompson, and Angela Bueno, individually, and on behalf of all heirs as the surviving daughters of Josie Bueno, decedent, ("Plaintiffs"), by and through their counsel, Jeffrey A. Springer, of the law firm of Springer and Steinberg, P.C., for their Complaint against the above-named defendant, state and allege as follows:

### CERTIFICATE OF REVIEW

Undersigned counsel for Plaintiffs hereby certifies, pursuant to C.R.S. § 13-20-602, that he has complied with the requirements inclusive therein, and states as follows:

1. Counsel for Plaintiff has consulted with person(s) who have expertise in the area of the alleged negligent conduct of the Defendant.

2. The professional(s) who have been consulted has reviewed the known facts,

1

including such records, documents, and other materials which the professional(s) have found to be relevant to the allegations of negligent conduct and, based on the review of such facts, have concluded that the filing of the claim does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4).

3. The professional(s) who have been consulted meet the requirements of C.R.S. § 13-64-401, and can demonstrate by competent evidence that, as a result of training, education, knowledge and experience, the consultant(s) are competent to express opinions as to the negligent conduct alleged.

## PARTIES

4. At all relevant times, Plaintiff Dianne Thomas was a citizen and resident in Adams County, Colorado. Plaintiff Annette Thompson was a citizen and resident in Littleton, Colorado (Arapahoe County), and Plaintiff Angela Bueno was a citizen and resident in the City and County of Denver, Colorado.

5. The decedent, Josie Bueno, at all relevant times, was a citizen and resident in Adams County, Colorado.

6. At all relevant times, Defendant Peak Medical of Colorado, Inc. d/b/a Elms Haven Care and Rehabilitation Center (hereinafter also sometimes referred to as "Defendant Elms Haven") is a Delaware corporation in good standing and operating a health care facility located at 12080 Bellaire Way, Thornton, Colorado 80241. The corporation's principal place of business is located at 101 Sun N.E., Albuquerque, New Mexico 87109. The Registered Agent for the corporation is Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado 80202.

## JURISDICTION AND VENUE

7. Plaintiffs assert a civil negligence claim against Defendant Elms Haven, which matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Additionally, Plaintiffs and Defendant Elms Haven are residents and citizens of different states, *i.e.*, Plaintiffs are residents and citizens of the State of Colorado and Defendant Elms Haven is a resident and citizen of the State of New Mexico. Accordingly, United States District Courts have original jurisdiction over this civil action. *See* 28 U.S.C.A. § 1332(a).

8. This action may be brought in the District of Colorado because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Colorado and because the Defendant in this action is subject to personal jurisdiction as of the date of the filing of this action. *See* 28 U.S.C.A. § 1391(a).

## FACTUAL ALLEGATIONS

9. Plaintiffs incorporate by reference as though fully set forth herein the allegations contained in paragraphs one (1) through eight (8) above.

10. Upon information and belief, at all times pertinent hereto, Defendant Elms Haven was and is a foreign corporation authorized to conduct business in the State of Colorado, which entity held itself out to the public as a care and rehabilitation facility for patients.

11. At all relevant times, Josie Bueno was an in-patient at the Elms Haven Care and Rehabilitation Center in Thornton, Colorado.

12. In August, 2010, Josie Bueno entered St. Anthony North Hospital for repair of a perforated duodenal ulcer.

13. On or about August 20, 2010, Ms. Bueno was discharged from the hospital to Elms Haven for rehabilitation.

14. On or about September 3, 2010, Ms. Bueno was taken by the staff at Elms Haven

to her nephrologist, Dr. Esson, for a scheduled appointment, at which point Dr. Esson sent her urgently to the emergency room at St. Anthony North Hospital because of her severely compromised condition.

15. Ms. Bueno died in the ICU unit at St. Anthony North Hospital on September 4, 2010 shortly after admission.

### FIRST CLAIM FOR RELIEF
*(Negligence Against Defendant Peak Medical of Colorado, Inc. d/b/a Elms Haven Care and Rehabilitation Center)*

16. Plaintiffs incorporate by reference as though fully set forth herein the allegations contained in paragraphs one (1) through fifteen (15) above.

17. While Josie Bueno was a patient at Elms Haven Care and Rehabilitation Center, said Defendant, acting by and through its agents and employees, all of whom were acting within the course and scope of their employment or within their authority as agents, was negligent and careless in its care and treatment of Josie Bueno, including but not limited to:

    a. failure to timely and appropriately monitor and assess Josie Bueno's condition;

    b. failure to properly and timely assess and determine the nature and cause of Josie Bueno's severe dehydration and severe low blood pressure;

    c. failing to appreciate the significance of Josie Bueno's physical condition and signs and symptoms prior to transporting her to Dr. Esson's office on September 3, 2010;

    d. failure to perform routine and ongoing monitoring and evaluations of Josie Bueno's physical condition;

    e. failing to appropriately recognize distress and need for emergency

       intervention in Josie Bueno on and before September 3, 2010;

    f.    failure to develop and/or follow applicable protocols, procedures, guidelines, and policies;

    g.    failure to hire and supervise qualified physician assistants, nurses, therapists, and other staff employees.

18.    As a direct and proximate result of Defendant Peak Medical of Colorado, Inc. d/b/a Elms Haven Care and Rehabilitation Center's negligence and carelessness, Plaintiffs Dianne Thomas, Annette Thompson, and Angela Bueno have suffered the untimely death of their mother, as well as economic and non-economic injuries, damages and losses, including but not limited to, loss of time, financial hardship; expenses for their mother's past medical treatment, and other expenses, have suffered and will continue to suffer severe mental and emotional distress, loss of enjoyment of life, and loss of companionship, all of their damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs Dianne Thomas, Annette Thompson, and Angela Bueno pray for judgment in their favor against Defendant Peak Medical of Colorado, Inc. d/b/a Elms Haven Care and Rehabilitation Center for compensatory damages in an amount to be proven at trial, for prejudgment interest from the date of the incident, for postjudgment interest, for Plaintiffs' costs of litigation, for attorneys' fees, and for such other and further relief as the Court deems just and proper.

**PLAINTIFFS HEREBY DEMAND A TRIAL TO A JURY OF SIX ON ALL ISSUES SO TRIABLE.**

DATED this 10th day of May, 2011.

Respectfully submitted,

s/ Jeffrey A. Springer
***Jeffrey A. Springer***
Springer and Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 861-2800
Fax: (303) 832-7116
E-mail: jspringer@springer-and-steinberg.com

Attorney for Plaintiffs

Plaintiffs' Addresses:

Ms. Dianne Thomas
730 Midland Street
Brighton, Colorado 80601

Ms. Annette Thompson
5849 S. Oak Street
Littleton, Colorado 80127

Ms. Angela Bueno
7019 Galapago Street
Denver, Colorado 80221