IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-CV-1240-WYD-MJW

DIANNE THOMAS,
ANNETTE THOMPSON,
ANGELA BUENO, individually and on behalf of all heirs as the surviving daughters of
JOSIE BUENO, decedent

      Plaintiffs,

v.

PEAK MEDICAL OF COLORADO, LLC d/b/a
ELMS HAVEN CARE AND REHABILITATION CENTER,

      Defendant

---

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER
( Docket no. 14 - 1 )

---

    The discovery sought by plaintiffs Dianne Thomas, Annette Thompson, and Angela Bueno and defendant Peak Medical of Colorado, LLC d/b/a Elms Haven Care and Rehabilitation Center, (collectively, the "Parties") in *Dianne Thomas, Annette Thompson, Angela Bueno, individually and on behalf of all heirs as the surviving daughters of Josie Bueno, decedent v. Peak Medical of Colorado, LLC d/b/a Elms Haven Care and Rehabilitation Center* filed in the United States District Court for the District of Colorado, Civil Action Number 11-CV-1240-WYD-MJW, may be likely to involve production of documents and things containing confidential information and witness testimony containing confidential information. Accordingly, the parties stipulate and agree that good cause exists to support the entry of a protective order. Therefore, the parties, through their respective counsel, agree to enter into this Stipulation and Protective

1

Order ("Stipulation" or "Protective Order") to govern the production of documents and testimony that contain confidential information and agree to be mutually bound by its terms.

1.    In this action, at least one of the Parties has sought and/or may seek to discover Confidential Information, as defined below.

2.    The term *"Confidential Information"* means information in written, oral, electronic or other form, whether it be a document; a portion of a document; correspondence; information contained in or derived from a document; information revealed during a deposition; an affidavit; expert reports; legal briefs or memoranda; arbitration; information revealed in responding to a discovery request, such as answers to interrogatories and responses to requests for admission; related information; information disclosed pursuant to the disclosure or discovery obligations created by the rules of civil procedure or any through any arbitration rules; or other information that:

(a)    a party or person believes, in good faith, reveals business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), including but not limited to policies and procedures; and

(b)    a party or person designates as "Confidential" in accordance with this Stipulation.

3.     The Parties have entered into this Stipulation and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information, and prohibiting the Parties from using or disclosing the Confidential Information for any purpose other than this litigation.

4.     This Protective Order shall apply to all documents, files or portions of files, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

5.     As used in this Protective Order, the term *"Document(s)"* shall include all material within the meaning of Rule 34(a) of the Federal Rules of Procedure and Rule 1001 of the Federal Rules of Evidence. Without limitation, the term *"Document(s)"* includes any medium by which information is recorded, stored, communicated, or utilized, including papers of any kind and any method or medium by which information may be generated, created, communicated, recorded, stored, or retrieved by people or computers. Further, *"Document(s)"* includes photographs, x-rays, motion pictures, audiotapes, videotape records, computer generated material, computer disks, and any other form or type of computer stored or computer retrievable data, microfilm and microfiche, or any other process by which information is reduced for storage and duplicates or reproductions of the same by any method.

3

6.    Documents containing "Confidential Information" are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Designation or identification, or assertion of a document as Confidential does not necessarily indicate that it is or is not discoverable.

7.    Copies, extracts, summaries, notes and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Stipulation.

8.    Responses to discovery requests are designated as CONFIDENTIAL by imprinting the word "CONFIDENTIAL" next to or above the response.

9.    Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provides written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Admissibility of the designated Confidential Information will be reserved for and addressed at trial.

10.    Individuals authorized to review CONFIDENTIAL Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold CONFIDENTIAL Information in confidence and shall not divulge the CONFIDENTIAL Information, either verbally or in writing, to the media

4

or any other person or entity unless authorized to do so by court order. CONFIDENTIAL

Information shall not be disclosed, revealed, leaked to the media (inadvertently or

otherwise), or used for any purpose except the preparation and trial of this case.

CONFIDENTIAL Information shall not be communicated by any Party's counsel or a

Party in any manner, either directly or indirectly, to anyone, except for purposes of this case, and

unless such person is directly associated with prosecuting or defending this case or is a witness,

deponent, expert or other individual involved in the prosecution or defense of this case, as

described in paragraph 11. These restrictions shall be strictly construed.

     11.     CONFIDENTIAL Information may be disclosed to the following,

provided that these persons comply with the terms of this Protective Order, and are not involved

with or connected to the media:

    (a)    attorneys actively working or consulting on this case and their support

            staff;

    (b)    the Parties and designated representatives for the entity Defendants, and

            their respective employees, agents and representatives;

    (c)    expert witnesses, disclosed treating physicians or healthcare providers, and

            consultants retained, or consultants and their staffs, in connection with this

            proceeding, to the extent such disclosure is necessary for preparation, trial or

            other proceedings in this case;

    (d)    stenographic reporters who are engaged in proceedings necessarily

            incident to the conduct of this action;

    (e)    deponents;

(f)     other persons by written agreement of the Parties;

(g)     a witness or consulting witness in this case;

(h)     to the Court, Court staff, and the jury; and

(i)     To mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, provided that the mediator(s), arbitrator(s), or special master(s) are appointed by the Court or all parties agree in writing that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity. Before any party may disclose Confidential Information to any mediator(s), arbitrator(s), or special master(s) who were not appointed by order of the Court, such mediator(s), arbitrator(s), or special master(s) must acknowledge the terms of this Agreement, as described in paragraph 14.

12.     Before disclosing confidential information to consulting attorneys or any attorneys who are not signatories to this Agreement, and individuals in sub-paragraphs b, c, f, and g of paragraph 11, the party making the disclosure shall obtain from such person a written acknowledgement that the individual has received a copy of this Stipulation and Protective Order and that he or she has read the order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if opposing counsel demonstrates good cause for review.

13.     Except for internal use by counsel for the parties, for Court and deposition copies, and for such use as is expressly permitted under the terms of this

6

Agreement, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information. This prohibition is intended to include a ban on posting or copying the document(s) electronically or producing the document(s) to the public in any form, including but not limited to, e-mailing the document(s) to an individual or listserv, such as listserv or exchange groups sponsored by an association; posting the document(s) to a website; adding the document(s) to an e-mail distribution list; or otherwise distributing the document(s) electronically or through the Internet. Usage of confidential material is expressly limited to as described in paragraph 11.

14.    The Party's counsel who discloses CONFIDENTIAL Information shall send to the recipient of the information a copy of the Protective Order and obtain a Written Acknowledgment from the recipient that he/she has reviewed and will abide by the terms of the Protective Order. The subject Party's counsel shall maintain a list of all persons to whom any CONFIDENTIAL Information is disclosed and retain the Written Acknowledgments.

15.    A Party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party disputing the CONFIDENTIAL designation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within twenty

(20) days of the aforementioned notice. If such a motion is timely filed, the disputed

information shall be treated as CONFIDENTIAL under the terms of this Protective Order

until the Court rules on the motion. In connection with a motion filed under this

provision, the Party designating the information as CONFIDENTIAL shall bear the

burden of establishing that good cause exists for the disputed information to be treated as

CONFIDENTIAL.

16.    In the event it is necessary for the Parties to file CONFIDENTIAL

Information with the Court in connection with any proceeding or motion, the

CONFIDENTIAL Information shall be filed in accordance with the requirements of the

Federal Rules of Civil Procedure for such documents. ~ *Av-~ D.C. Colo. L Civ R 7.2*

17.    The termination of this action shall not relieve counsel or other persons

obligated hereunder from their responsibility to maintain the confidentiality of

CONFIDENTIAL Information pursuant to this Protective Order and the terms and

requirements of this Protective Order shall survive the termination of this action.

18.    By agreeing to the entry of this Protective Order, the Parties adopt no

position as to the authenticity or admissibility of any document produced subject to it.

Neither the taking of any action in accordance with the provisions of this Protective

Order, nor the failure to object thereto, shall be construed as a waiver of any claim or

defense in this action.

19.    Upon the termination of this litigation, counsel shall be responsible for

retrieving any and all copies which they have caused to be made of Confidential Records

and either destroying such copies or returning such copies to the providing party.

20.    Nothing in this Protective Order shall preclude any Party from filing a

motion seeking further or different protection from the Court under Rule 26(c) of the

Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in

which CONFIDENTIAL Information shall be treated at trial.

21.    This Protective Order may be modified by the Court at any time for good

cause shown following notice to all Parties and an opportunity for them to be heard.

This Stipulation shall serve as a stipulation and agreement between the parties, and shall be

effective immediately upon signature by counsel for all parties. Nothing in this stipulation shall be

deemed an agreement that any information designated as Confidential, is, in fact, properly so

designated.

So stipulated and agreed to this 29th day of August, 2011.

STIPULATED, APPROVED AS TO FORM AND ENTRY REQUESTED:

*s/Kelly P. Yousem*
Jeffrey A. Springer
Springer and Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
Telephone:  303-861-2800
Facsimile:  303-832-7116

Kelly P. Yousem
Kelly P. Yousem, PC
12140 Heneson Garth
Owings Mills, MD  21117
Telephone:  303-668-8877
Email:  jspringer@springer-and-steinberg.com;
kyousem@me.com
*Attorneys for Plaintiffs*

*s/Jennifer C. Forsyth*
Thomas B. Quinn
Jennifer C. Forsyth
GORDON & REES LLP
555 Seventeenth St., Ste. 3400
Denver, CO 80202
Telephone:  303-534-5160
Facsimile:  303-534-5161
Email: tquinn@gordonrees.com
        jforsyth@gordonrees.com
*Attorneys for Defendant*

ORDERED

Done This 29th Day of August 2011
                                    By The Court

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO